## PITTMAN v. MAYOR OF NEW YORK.

*Streets — adjustment of expenses of opening cannot be attacked collaterally.*
*Counter-claim — claim against employee of plaintiff. New York City.*

In an action against the city of New York to recover for plaintiff's services and expenses as commissioner of estimate and assessment in opening a street, the complaint averred and the answer admitted that the bill of the commissioners was adjusted in the manner provided by statute, and at the instance of the counsel for the city, and that such adjustment was confirmed by the court. *Held,* that the adjustment could not be attacked in a collateral proceeding, and the fact that the amount allowed was in excess of that provided by statute was no defense.

*Held,* also, that a claim by defendant against the clerk of the commissioners for an amount exceeding that allowed them upon the adjustment for his services, could not be set up as a counter-claim or a set-off in the action, notwithstanding such clerk was to be paid by the commissioners out of the amount claimed in the action.

APPEAL by defendants from a judgment in favor of plaintiffs entered upon an order striking out the answer as frivolous.

The action was brought by Thomas W. Pittman and others against the Mayor, Aldermen and Commonalty of the city of New York to recover the amount of the bill of costs, charges and expenses taxed in proceedings to open and widen 110th street in said city. The plaintiffs were commissioners appointed by the court in said proceedings, and the amount for which this action was brought was included in the assessment for such opening and widening, and in the report of the commissioners therein, which report was duly confirmed by the court. The defense set up: First, That the amount taxed was in excess of that allowed by the statute governing the compensation in such proceedings (Laws 1862, chap. 483); and, second, that the defendants had a claim against one Purser, a clerk of plaintiffs, and who was claimed to have an interest in the sum to be recovered by plaintiffs for his compensation. Such other facts as are material appear in the opinion.

*E. Delafield Smith,* for appellant, cited upon the question of counter-claim, *Bliss* v. *Bliss,* 7 Bosw. 339 ; *Cowles* v. *Cowles,* 9 How. 361.

*Allison & Shaw,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The demand for which the judgment was recovered accrued for services performed and expenses incurred by the plaintiffs and Nicholas Muller as commissioners of estimate and assessment in opening and widening One Hundred and Tenth street in the city of New York. The demand made greatly exceeded what by the act of 1862 could be properly allowed for such services and expenses. Laws of 1862, ch. 483, §§ 1, 5. But the complaint avers and the answer substantially and practically admits that before the commissioners' report was presented for confirmation, a bill of the costs, charges and expenses of said proceeding was duly presented by the counsel for the corporation for taxation in the manner required by law, and the same were taxed and allowed by a referee duly appointed by the Supreme Court at the sum of $8,916.71 ; and the bill so taxed was afterward reported

with the commissioners' proceedings, to the court and by it confirmed.

The defense which the answer interposed to the recovery of such costs and expenses was that they were allowed at an amount exceeding that warranted by the provisions of the statute. But as the bill was adjusted in the mode provided by the statute and at the instance of the counsel for the corporation, and afterward confirmed by the court, this objection comes too late. The remedy of the defendant for the correction of the bill was by a direct proceeding for a re-adjustment of the amount allowed. It was adjusted by a judicial proceeding instituted, carried on and consummated in the manner provided by the statute. That necessarily rendered the adjustment conclusive against the defendant as long as the proceedings taken were not vacated or set aside, but remained in force. They could not be questioned or annulled in the collateral mode proposed by the answer. The court had complete jurisdiction over them and of the parties affected by them, and that was sufficient to bind the defendant by the adjudication which was made. In this action afterward brought to recover the amount awarded, no power exists to correct the errors by which that may have been improperly and unlawfully enhanced. That was held to be the law in the case of *Supervisors of Onondaga* v. *Briggs*, 2 Hill, 135; S. C., 2 Denio, 26.

The answer further alleged a counter-claim existing in the defendant's favor against George H. Purser, whom, it was stated, was entitled to receive, or had been paid, the sum of $1,538.12 of the amount adjusted and allowed in favor of the commissioners. These facts are insufficient to create a counter-claim within the provisions made by the Code. They require that the claim shall be one existing in favor of a defendant against a plaintiff, between whom a several judgment may be had arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's demand, or connected with the subject of the action, or a cause of action arising on contract. Code, § 150. The claim made by the answer was not one existing against the plaintiffs or either of them, and for that reason not within either provision made by that section of the Code prescribing the nature of the demands which may be set forth by way of counter-claim.

For substantially the same reason it was not proper by way of set-off under the statutory provisions made upon that subject.

The only one under which it might possibly have been brought is that relating to actions by trustees or persons having no real interest in the contract, or debt constituting the subject of the action. 2 R. S. 354, sub. 10 of § 18. And the facts alleged were not sufficient to bring the claim within that provision because it was not stated that the plaintiffs were endeavoring to collect it for Purser. If that were the fact it should have been so stated with reasonable certainty. That was not done, for all that was set forth in the answer in that respect was that the amount mentioned was for money paid or claimed to be due to Purser for services as clerk. If the latter had been the fact it should have been averred, for if the plaintiffs have paid Purser, as they may have done according to this answer, then the amount due from him to the defendant would not be a proper set-off.

The answer also shows that the amount received by Purser was taxed and allowed at the sum paid him by the defendant by a justice of the Supreme Court, and was included in the report of the proceedings in which it was claimed to have arisen and confirmed by that court. According to this statement the defendant had no valid or legal demand which could be insisted upon as a counter-claim or set-off. For it could not question or assail the proceedings by which that claim was allowed and paid in the collateral mode pursued by the answer. That could only be done by a direct application for a rehearing as to Purser's claim as long as its allowance was not claimed to have been produced by fraud. So long as the proceedings mentioned remain in force, the defendant can maintain no claim for the recovery of the money paid pursuant to them.

The judgment should be affirmed, with costs.

*Judgment affirmed.*